UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA LEWIS,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN OF THE CALIFORNIA CITY<br>DETENTION CENTER,<br><br>          Respondent. | Case No.  1:26-cv-02991-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION<br>FOR APPOINTMENT OF COUNSEL<br>WITHOUT PREJUDICE<br><br>(Doc. 2) |

Pending before the Court is pro se Petitioner's Motion to Appoint Counsel, filed on April 22, 2026. (Doc. 2). Petitioner is an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Detention Facility in California City, California, claiming he was unlawfully arrested and detained in violation of the Immigration and Naturalization Act ("INA"), and despite recent extension of his work visa. (Doc. 1 at 6-7). As relief, the Petition seeks release from custody or, in the alternative, that the Court order Respondent to schedule a bond hearing before an immigration judge. (*Id*. at 8).

Petitioner seeks appointment of counsel due to "the complexity of the law on immigration" and his belief that his Petition has a "strong chance of success." (Doc. 3 at 2). As a threshold matter, there is no automatic, constitutional right to counsel in federal habeas

proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require."  *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  To make this assessment, courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[1] require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted.  *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

As to the likelihood of success, Petitioner contests his current detention pending removal proceedings.  To better ascertain the basis of Petitioner's detention and evaluate Petitioner's due process claim, the assigned district judge directed Respondent to respond to the Petition, which is not yet due.  Consequently, the Court does not find that Petitioner can show a likelihood of success of the merit at this early stage of the proceedings.  Additionally, when directing Respondent to respond to the Petition the Court directed Respondent to attach any records necessary for considering the Petition.  Thus, it is not clear whether any discovery or an evidentiary hearing is necessary until the Court reviews the record.

Finally, although Petitioner cites to the complexity of immigration laws, Petitioner was able to competently file his habeas petition that includes a statement of facts and supporting law concerning his claim for habeas relief.  As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.

////

---

[1] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  *See Id*., R. 1(b).

2

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. 2) is denied without prejudice.

Dated:    April 29, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3