UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA LEWIS,<br><br>                Petitioner,<br><br>        v.<br><br>WARDEN OF THE CALIFORNIA CITY<br>DETENTION CENTER,<br><br>                Respondent. | Case No.  1:26-cv-02991-JLT-HBK (HC)<br><br>ORDER DIRECTING SUPPLEMENTAL<br>BRIEFING<br><br>TEN-DAY DEADLINE |

Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Detention Facility in California City, California, has a pending pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  The petition challenges his detention as, *inter alia*, a violation of the of the Immigration and Naturalization Act ("INA"), and his due process rights under the Fifth Amendment.  (Doc. 1, "Petition").

Respondent filed a Motion to Dismiss on May 6, 2026, noting that an immigration judge ("IJ") granted Petitioner's request for a custody redetermination on May 1, 2026, set a $1500 bond without any additional conditions, and Petitioner waived appeal of that decision.  (Doc. 11 at 1-2).  Respondent further noted that, as of May 6, 2026, Petitioner had not yet paid the bond.  (*Id*. at 2).  As of the date of this Order, Petitioner has not filed an opposition.  (*See* Doc. 6, directing that petitioner may file a traverse no later than 7 days after the response was filed).

1

Federal courts have an independent duty to consider their own subject-matter jurisdiction. Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).

In the context of a habeas petition, the case or controversy requirement mandates dismissal as moot if (1) the petitioner has received the relief requested, or (2) the court is unable to provide the sought relief. *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (a case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

The Court's *sua sponte* search of Petitioner in the ICE Online Detainee Locator System returned zero (0) matching records.[1] Because it appears that Petitioner may no longer be in ICE custody, the Court must first determine whether this action is moot before reaching the merits.

Accordingly, it is **ORDERED**:

1. Within **ten (10) days** from the date of this Order, Respondent shall submit supplemental briefing addressing whether this action is moot in light if Petitioner's apparent release from ICE custody, as reflected on the ICE Online Detainee Locator

---

[1] *See* ICE Detainee Locator, https://locator.ice.gov/odls/#/search (last visited May 18, 2026). The Court may take judicial notice of information on official government websites. *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010); *see also United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of the Bureau of Prisons' publicly available inmate locator).

System.

2.  Alternatively, if Petitioner has been transferred to another detention facility that is not reflected on the ICE Online Detainee Locator System, Respondent shall notify the Court of Petitioner's current location.


Dated:    May 20, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3